UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23827-BLOOM/Torres

ALFREDO HERNÁNDEZ,

    Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER REJECTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's and Defendant's Motions for Summary Judgment ("Motion"), ECF Nos. [11], [13], filed on February 3, 2025 and February 28, 2025, respectively. In Defendant's Motion, it responded to the Plaintiff's Motion for Summary Judgment. ECF No. [13] Plaintiff thereafter filed a Reply to Defendant's Motion for Summary Judgment. ECF No. [16]. The matter was referred to the Honorable Judge Edwin G. Torres for a Report and Recommendation ("R&R").[1] ECF No. [7]. On July 3, 2025, Judge Torres issued an R&R, recommending that Defendant's Motion be granted, and that the

---

[1] Pursuant to Administrative Order 2023-18, United States Magistrate Judge Edwin Torres was initially assigned this case. ECF Nos. [2], [7] at 1. However, Plaintiff objected to jurisdiction by a magistrate judge and the case was reassigned to this Court. ECF Nos. [3], [6]. The Court entered an order stating "the matter is now referred to . . . Judge Torres for a Report and Recommendation." ECF No. [7] at 1. However, Judge Torres did not appear to consider Plaintiff's Motion for Summary Judgment. ECF No. [11] at 17 ("Plaintiff moves . . . to reverse the Commissioner's decision denying Plaintiff's application for disability benefits and remand this case for further administrative proceedings[.]"). Judge Torres appears to have only considered Defendant's Motion for Summary Judgment and Plaintiff's Reply. ECF No. [17] at 1 ("This matter is before the Court on Defendant Commissioner of the Social Security Administration's motion for summary judgment. . . Plaintiff timely replied."). For the sake of completeness, the Court considers Plaintiff's Motion for Summary Judgment in addition to Defendant's Motion for Summary Judgment, Plaintiff's Reply, the Report and Recommendation, and Plaintiff's Objections.

Commissioner's Decision be affirmed. *Id.* at 24. Plaintiff timely filed his Objections on July 17, 2025. ECF No. [18]. The Court has reviewed the Motions, the Reply, the record, Plaintiff's Objections, and is otherwise fully advised. For the reasons set forth below, the Court does not adopt the R&R, grants Plaintiff's Motion for Summary Judgment, and denies Defendant's Motion for Summary Judgment.

I.     **BACKGROUND**

Plaintiff filed an application for Title II Disability Insurance Benefits on or about September 10, 2021. ECF No. [1] at 2. Plaintiff's claims were denied initially and, upon reconsideration, a hearing was held on April 16, 2024. *Id.* The Administrative Law Judge ("ALJ") issued an unfavorable decision on May 15, 2024. *Id.* On August 2, 2024, the Commissioner's Appeals Council denied Plaintiff's request for review. *Id.* Plaintiff filed the present action appealing the final administrative decision on October 4, 2025. ECF No. [1].

In Plaintiff's Motion, Plaintiff argued: (1) the evidence submitted to the Appeals Council merits remand; and (2) the residual functional capacity ("RFC") finding is unsupported by substantial evidence because the ALJ erred in rejecting Dr. Alonso's opinion and discrediting Plaintiff's subjective allegations. ECF No. [11]. In Defendant's Motion, Defendant argued: (1) substantial evidence supports the ALJ's mental RFC finding and discounting of Dr. Alonso's opinion; (2) substantial evidence supports the ALJ's evaluation of Plaintiff's subjective statements; and (3) Plaintiff failed to show that evidence submitted to the Appeals Council rendered the ALJ's decision erroneous. ECF No. [13]. In Reply, Plaintiff argued: (1) the evidence submitted to the Appeals Council merits remand; and (2) the RFC finding is unsupported by substantial evidence because the ALJ erred in rejecting Dr. Alonso's opinion and discrediting Plaintiff's subjective allegations. ECF No. [16]. In his R&R, Judge Torres determined that "[s]ubstantial evidence supports the ALJ's findings," the ALJ "applied proper

legal standards, any errors therein did not prejudice Plaintiff and were harmless[,]" and "the Appeals Council correctly concluded that the Plaintiff's recent medical evidence did not exhibit a reasonable probability that it would have changed the outcome of the ALJ's decision." ECF No. [17] at 24.

Plaintiff objected to the R&R on four bases. Plaintiff argued (1) the R&R relies on inapplicable regulations and case law relating to the evaluation of medical source opinions; (2) the R&R's finding that the ALJ properly rejected Dr. Alonso's opinion, or that any error was harmless, should be rejected; (3) the R&R's finding that the ALJ properly evaluated subjective allegations should be rejected; and (4) the R&R's finding that the Appeals Council properly found that the new evidence did not show a reasonable probability that it would change the outcome of the decision should be rejected. ECF No. [18].

## II.   LEGAL STANDARD

### A.  Summary Judgment

Sentence four of 42 U.S.C. § 405(g) "authorizes the district court 'to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Reeves v. Comm'r, Soc. Sec. Admin.*, 817 F. App'x 898, 901 (11th Cir. 2020) (quoting 42 U.S.C. § 405(g)). "Judicial review of an ALJ's final decision is limited to whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied." *Brioso v. Kijikazi,* No. 22-cv-21991, 2023 U.S. Dist. LEXIS 153222, at *20 (S.D. Fla. Aug. 11, 2023).

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the .

. . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "Once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472, 1477 (11th Cir. 1991). At that juncture, "the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex*, 477 U.S. at 324).

At the summary judgment stage, the court "may not weigh conflicting evidence to resolve disputed factual issues[.]" *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1327 (S.D. Fla. 2016) (quoting *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007)). However, the mere existence "of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion[.]" *Id.*

**B. Report and Recommendation**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed

4

findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The Court considers the Motions, Plaintiff's Objections, and reviews the portions of the R&R *de novo*. First, Plaintiff argues that the R&R improperly relied upon 20 C.F.R. § 404.1527, instead of § 404.1520c, when Judge Torres found that the ALJ properly rejected Dr. Alonso's opinion and when discussing the State agency prior administrative medical findings, ECF No. [18] at 1-2. As Plaintiff correctly notes, § 404.1527 applies only to opinion evidence for claims

5

filed before March 27, 2017, whereas Plaintiff's claim was filed on September 10, 2021. *Id.* (citing R. 223-36). Therefore, § 404.1520c provides the proper basis for analysis. However, Plaintiff does not argue that, had Judge Torres applied § 404.1520c instead of the § 404.1527, he would have reached a different conclusion. Indeed, "the newer regulations that do apply . . . direct the ALJ to give even less deference to medical opinions than the regulations cited by the ALJ in his decision." *Miliner v. Kijakazi*, No. 5:20-cv-01734, 2021 WL 4922872, at *5 (N.D. Ala. Oct. 21, 2021). Whereas § 404.1527(c), which the R&R applied, stated "[u]nless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion," § 404.1520c(a) states "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." Therefore, any "error in citing the incorrect regulations was harmless and immaterial to the final determination of disability, and is thus not grounds for reversal." *Miliner*, 2021 WL 4922872, at *5. Additionally, in conducting their analysis, the ALJ applied § 404.1520c, the appropriate standard. R. 42.

Indeed, Plaintiff conceded that "[i]n rejecting Dr. Alonso's opinion, the ALJ did issue the minimally required findings, stating that Dr. Alonso's opinion was unpersuasive, unsupported, and inconsistent." ECF No. [11] at 11 (citing R. 46). Plaintiff states that his "arguments that the ALJ did not provide sufficient rationale for the findings issued under 20 C.F.R. § 1520c(b) were not properly addressed." ECF No. [18] at 2. However, it is unclear what aspects of § 1520c(b) were not properly addressed by Judge Torres's analysis. Section 1520c(b)(1) acknowledges:

> Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s)

or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

20 C.F.R. § 1520c(b)(1). The factors in paragraphs (c)(1) through (c)(5) of § 1520c[2] mirror those listed in § 404.1527.[3]

Second, Plaintiff objects to the R&R's conclusion that the ALJ properly rejected Dr. Alonso's opinion because the R&R did not address certain arguments that Plaintiff raised regarding the ALJ's flawed rationale. ECF No. [18] at 2-3. Specifically, Plaintiff states that the R&R did not address the ALJ's conclusion "that Plaintiff had only 'minor medication adjustments' for treatment of mental impairments; however, Plaintiff's medications were regularly and substantially changed until Plaintiff ultimately was prescribed a newly approved adjunctive therapy, indicating that the medications were not controlling his symptoms." *Id.* at 2 (citing ECF No. [11] at 12-13). Indeed, the R&R did not address the fact that "Plaintiff's medications were changed or the dosage adjusted at every appointment [in] 2021 . . . and adjusted again in October 2022 . . . and June 2023[.]" ECF No. [11] at 12 (citing R. 544, 578, 538, 533, 565, 661, 664, 646). "During this time, Plaintiff was prescribed a variety of medications in varying dosages (Paxil, Vistaril, Lamictal, and Buspirone)[.]" *Id.* (citing R. 565, 661, 659). Additionally, as Plaintiff correctly pointed out, "[t]he most recent medical records in June and September 2023 document the prescription of Vraylar, an atypical antipsychotic that had recently been approved as an adjunctive therapy to antidepressants of major depressive

---

[2] These factors include supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors.
[3] These factors include examining relationship, treatment relationship, length of the treatment relationship and the frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors.

disorder, used when adults had only a partial response to an antidepressant." *Id.*

Although he did not address the adjustments in Plaintiff's medications and dosage, Judge Torres nonetheless found that the ALJ clearly articulated his reasons for disregarding the opinion of Dr. Alonso. ECF No. [17] at 11. In addition to relying upon the ALJ's apparently inaccurate representation of the "minor medication adjustments," Judge Torres relied upon the ALJ's statement that "Dr. Alonso's own treatment notes . . . reflect generally normal mental status examinations with the exceptions of some abnormal findings such as being easily distracted, incorrect interpretation of simple proverbs, and a sad or anxious demeanor." *Id.* (quoting R. 46). Additionally, Judge Torres relied upon the ALJ's determination that Dr. Alonso's findings were "inconsistent with the overall medical evidence of record, which includes, objective examination findings indicating the claimant was cooperative with a normal mood and affect; oriented to all spheres with an appropriate mood and affect; and had normal insight and judgment." *Id.* (quoting R. 46). However, as Plaintiff points out, the ALJ's explanation "did not account for the full extent of Plaintiff's reported symptoms noted by Dr. Alonso." ECF No. [18] at 2 (citing ECF No. [11] at 13). "Plaintiff consistently reported symptoms of anxiety, panic attacks, intrusive thoughts and images, agoraphobia, and sleep disturbances. . . These reports were also accompanied by Dr. Alonso's own observations regarding Plaintiff's visible signs of anxiety, depressed thought content, mood, affect, and being easily distracted." ECF No. [11] at 13 (citing R. 46, 576-78, 644-46, 648-50, 653-54, 657-59, 661-64, 537-38, 544, 556-57, 560-61, 564-65, 576-77, 645-46, 649-50, 654-55, 658-59, 663-64). The ALJ also "failed to evaluate or acknowledge six additional entries in the record documenting other encounters with Dr. Alonso where Plaintiff consistently reported the same symptoms." *Id.* (citing R. 46, 576-78, 644-46, 648-50, 653-54, 657-59, 661-64).

Although "there is no rigid requirement that the ALJ specifically refer to every piece of

8

evidence in his decision," the ALJ's "ultimate conclusion" must still be "based on substantial evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). Given both the objective and subjective symptoms that the ALJ apparently did not consider in his analysis, the ALJ's determination that Dr. Alonso's April 19, 2024 opinion was "unpersuasive" was not supported by substantial evidence. Because the ALJ's RFC determination is "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' – i.e., opinions about what the individual can still do despite his or her impairment(s) – submitted by an individual's treating source or other acceptable medical sources[,]" Social Security Ruling 96-8p, by finding Dr. Alonso's opinion unpersuasive, the ALJ's RFC determination was fundamentally flawed. *Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 421 (11th Cir. 2015) ("Because substantial evidence does not support the ALJ's decision to accord less than substantial weight to the opinions of Perez's treating doctors regarding Perez's functional limitations, substantial evidence also does not support the ALJ's corollary RFC assessment."). "Having also rejected the only other opinions of record – the prior administrative psychological findings from the State agency psychologists," the ALJ's RFC determination was "based solely on his unsupported lay interpretation of medical evidence." ECF No. [11] at 11-12.

To the extent the ALJ stated that he considered "the overall medical evidence of record, which includes objective examination findings indicating the claimant was cooperative with a normal mood and affect; oriented to all spheres with an appropriate mood and affect; and had normal insight and judgment," R. 46, Plaintiff notes that the ALJ "failed to consider the context [of these records], citing to treatment records relating to Plaintiff's other unrelated impairments of diabetes and hypertension." ECF No. [11] at 14 (citing R. 594-95, 612-16, 625-28, 697-99).

9

Indeed, courts have found error where the ALJ used medical opinions regarding unrelated impairments to reject an opinion as inconsistent with the record. *See Brioso*, 2023 U.S. Dist. LEXIS 153222, at *26-27 ("Dr. Vaz's opinion is based upon Plaintiff's gastrointestinal problems, so it is not evident how these physical and mental findings render his opinion inconsistent with or unsupported by the record."); *Allensworth v. Colvin*, 814 F.3d 831, 834 (7th Cir. 2016) ("There is no indication that Dr. Imlach examined the plaintiff's back on this visit, so the note sheds no light on his assessment of the plaintiff's lower-back pain."). Therefore, the ALJ's RFC determination was unsupported by substantial evidence and Plaintiff is entitled to summary judgment and remand as a matter of law. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *see also Wright v. Kijakazi,* No. 21-cv-22316, 2022 WL 4080744, at *12 (S.D. Fla. Sept. 6, 2022) (granting plaintiff's motion for summary judgment and remanding where ALJ's RFC assessment was not based on substantial evidence).

Because the ALJ erred in finding Dr. Alonso's opinion unpersuasive, the Court need not consider Plaintiff's other contentions.[4] *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (declining to reach questions about whether new evidence "is material and that there was good cause for not presenting the evidence earlier" because case was to be remanded on other grounds); *see also Roberson v. Colvin*, No. 12-cv-3586, 2014 WL 3810236, at *3 n.2 (N.D. Ala.

---

[4] Plaintiff's remaining objections relate to the Appeals Council's failure to consider new evidence. ECF No. [18] at 4-7. As Plaintiff notes, the only explanation the Appeals Council provided for refusing to consider the additional evidence was that it did not show "a reasonable probability that it would change the outcome of the decision." R. 2. The Appeals Council did not state that the evidence was not new, unrelated to the period at issue, or that Plaintiff lacked good cause for not submitting the evidence during prior proceedings. ECF No. [18] at 4 (citing R. 1-2). Because the case must be remanded to the ALJ for further review, "for the Secretary on remand to review the case on a complete record, it is necessary to consider the [new evidence.]" *Diorio*, 721 F.2d at 729.

July 30, 2014) (stating that, because the ALJ erred by failing to consider the plaintiff's pain testimony, "the court does not need to consider in detail" the plaintiff's allegations of error); ECF No. [11] at 2 (citing 20 C.F.R. § 404.983(a)).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [17]**, is **NOT ADOPTED**;
2. Plaintiff's Objections, **ECF No. [18],** are **SUSTAINED;**
3. Plaintiff's Motion for Summary Judgment, **ECF No. [11],** is **GRANTED;**
4. Defendant's Motion for Summary Judgment, **ECF No. [13],** is **DENIED**;
5. The case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this opinion.
6. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on September 3, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record